IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RODNEY STANTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-CV-365-NJR-DGW |
| | ) | |
| HONEYWELL INTERNATIONAL, INC., | ) | |
| and THE GARDNER STERN | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DISMISSING CASE

**ROSENSTENGEL, District Judge:**

This *pro se* lawsuit is Plaintiff Rodney Stanton's second attempt to sue Defendant Honeywell Corp. and The Gardner Stern Company ("Gardner Stern") in federal court.[1] In short, Stanton alleges he was employed by Gardner Stern and sent to work at a Honeywell plant in Metropolis, Illinois, as a sous chef and driver. (Doc. 1; Doc. 1 in 15-cv-1223-NJR-SCW). He alleges that during the course of his work, he had to travel through an area that was radioactively contaminated without any protective gear, which he claims led to heart and lung problems. (Doc. 1; Doc. 1 in 15-cv-1223-NJR-SCW).

### PROCEDURAL BACKGROUND

In his first lawsuit against Defendants, Stanton brought his claims pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. (Doc. 1 in 15-cv-1223-NJR-SCW). Those claims were dismissed for lack of jurisdiction because

---

[1] The previous lawsuit was case number 15-cv-1223-NJR-SCW. As mentioned in that lawsuit, the defendant was misnamed as Garner & Stern Co. (Doc. 32 in 15-cv-1223-NJR-SCW). It is actually The Gardner Stern Company. (*Id.*)

Honeywell was not a government employee within the meaning of the FTCA, and the parties were not completely diverse. (Doc. 32 in 15-cv-1223-NJR-SCW). The Court noted that dismissal was "without prejudice to refiling in state court."(Doc. 32 in 15-cv-1223-NJR-SCW). Nevertheless, Stanton came back to federal court.

In this second lawsuit, Stanton brought his claims under 42 U.S.C. § 1983 (Doc. 1, p. 1). At the time he filed his complaint, Stanton also filed a Motion to Proceed In Forma Pauperis (Doc. 3), a Motion For Recruitment Of Counsel (Doc. 4), and a Motion for Service of Process at Government Expense (Doc. 5). The Court found that Stanton was indigent within the meaning of § 1915(a)(1) and unable to pay the filing fee. (Doc. 7). The Complaint, however, was dismissed without prejudice for failure to state a claim upon which relief could be granted. (Doc. 7). The Motion for Recruitment of Counsel was denied without prejudice. (Doc. 7). The Court granted Stanton leave to file an Amended Complaint (Doc. 7) and deferred ruling on the Motion for Service of Process until after the Amended Complaint was filed and the Court conducted a threshold review.

Stanton timely filed an Amended Complaint on July 26, 2017 (Doc. 11) and a Motion to Reconsider/Renew Recruitment of Counsel (Doc. 10). Thus, pending before the Court are Stanton's Amended Complaint (Doc. 11), Motion to Reconsider/Renew Recruitment of Counsel (Doc. 10), and Motion for Service of Process at the Government's Expense (Doc. 5). Because the Court finds the Amended Complaint does not state a claim upon which relief can be granted, the Amended Complaint (Doc. 11) is dismissed with prejudice, and the pending motions are denied.

## I. THRESHOLD SCREENING

The Court must first scrutinize the complaint and dismiss any portion that fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2); *Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). An action fails to state a claim upon which relief can be granted if it does not plead "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At this juncture, all well-pleaded allegations are accepted as true and viewed in the light most favorable to the plaintiff. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). *Pro se* complaints have the additional benefit of being construed liberally and held to a less stringent standard than pleadings drafted by a lawyer. *Id.*

To state a claim under § 1983, a plaintiff must allege the "violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). In his Amended Complaint, Stanton has identified the constitutional right that was purportedly violated as the "Eighth Amendment prohibition against cruel and unusual punishment." (Doc. 10, p. 2).

The Eighth Amendment of the United States Constitution prohibits the federal government from imposing excessive bail, fines or cruel and unusual punishment. U.S. Const. amend. VIII. It is hard for the Court to see how this constitutional prohibition is

relevant to Stanton's claims. Although Stanton is currently incarcerated, he does not allege that his injuries result from the actions of any jail or prison personnel or took place in any facility where he has been incarcerated. Stanton is correct that a government official's deliberate indifference to unconstitutional conduct can be a basis for an Eighth Amendment claim. *Perez v. Fenoglio,* 792 F.3d 768, 782 (7th Cir. 2015) (citing *Vance v. Peters,* 97 F.3d 987, 992–93 (7th Cir. 1996). But that is within the context of being detained or incarcerated. Stanton appears to be attempting to extend the Eighth Amendment prohibitions to situations outside of the criminal justice system— specifically, the actions of Defendants Honeywell and Gardner Stern, with whom he was employed before being incarcerated. (Doc. 10). Given that the plain language of the Constitutional Amendment limits its protections to those situations where an individual is arrested, incarcerated, or otherwise under the physical control of the state, the Court finds the Eighth Amendment does not provide a basis for the relief Stanton is requesting.

Further, even if the Eighth Amendment or another federal constitutional provision or law was applicable, the Amended Complaint does not identify how Honeywell and Gardner Stern were purportedly acting under the color of state law when they are both quite obviously private companies. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009) ("When a plaintiff brings a section 1983 claim against a defendant who is not a government official or employee, the plaintiff must show that the private entity acted under the color of state law.")

A private person acts under color of state law when it is a willful participant in joint action with the State or its agents. *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696

(7th Cir. 2017). There must be a *concerted effort* between a state actor and the individual, however, for there to be state action. *Id.* (emphasis in original). Thus, Stanton must allege a sufficient nexus between the state and the defendants such that the alleged infringement of Stanton's constitutional rights is "fairly attributable to the state." *Id.*

Here, Stanton attempts to create such a link by arguing the state's actions of registering and bonding private companies means the companies are acting "with a badge of authority" from the state. (Doc. 10, pp. 4-5). The Seventh Circuit has previously held the state's act of registering a company is insufficient to transform it into a state actor. *Marian Catholic High Sch.*, 852 F.3d at 696. The Court finds the State of Illinois' act of bonding the defendant companies similarly insufficient to make them state actors. The State cannot be held responsible for a private decision unless it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). The Court fails to see how providing bonding in any way coerces or encourages the actions of a private party to violate an individual's constitutional rights.

Accordingly, the complaint must be dismissed for failure to allege the essential elements of a § 1983 claim.

**II. MOTION TO RECONSIDER/RENEW MOTION FOR RECRUITMENT OF COUNSEL AND MOTION FOR SERVICE OF PROCESS AT GOVERNMENT EXPENSE**

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*,

706 F.3d 864, 866–67 (7th Cir. 2013). The Court must first consider whether the indigent litigant has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id.*

Stanton indicates that he has been unable to recruit counsel on his own. (Doc. 4). He claims that he needs an attorney because he only has a grade school education and cannot speak, write, or read English very well. (Doc. 4). He is currently being assisted by a "Jailhouse Lawyer" who helped him to prepare his First Amended Complaint, but has no guarantee this person will be available to help him in the future. (Doc. 10, p. 2).

While not insensitive to the difficulties of drafting a complaint, the Court notes that the reason the Amended Complaint fails to state a claim is unrelated to the quality of the drafting. Quite simply, Stanton is in the wrong court. He attempts to bring what appears to be a state law claim, against private companies, in federal court. Based on the factual claims introduced in both the original Complaint (Doc. 1) and Amended Complaint (Doc. 11), the Court sees no basis for a federal claim, no matter how

articulately presented. Because the Court does not see how an attorney can provide Stanton with any assistance in pleading a federal claim, the Motion for Recruitment of Counsel is **DENIED**.

Finally, because the Amended Complaint is dismissed, there is no need for service of process, and the Motion for Service at Government Expense (Doc. 5) is **DISMISSED as moot.**

CONCLUSION

The Amended Complaint (Doc. 11) is **DISMISSED with prejudice**. The Motion to Reconsider/Renew Recruitment of Counsel is **DENIED**, and the Motion for Service at Government Expense is **DISMISSED as moot.** The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED:   October 2, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**